ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/12/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WOLTERS KLUWER FINANCIAL SERVICES, INC.

         **Plaintiff,**

-against-

SCIVANTAGE, ADNANE CHARCHOUR, SANJEEV DOSS, CAMERON ROUTH AND GREGORY ALVES

         **Defendants.**

Civ. Action No.
07 CV 2352 (HB)

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Upon the agreement of the parties through their respective counsel, and good cause appearing therefore, IT IS HEREBY ORDERED pursuant to Rule 26(c) of Federal Rules of Civil Procedure that the following procedures shall govern the disclosure and use of confidential discovery information in this action.

1. **PURPOSE OF STIPULATION AND PROTECTIVE ORDER**

It is the purpose of this Stipulation and Protective Order ("Order") to allow the parties reasonable access to information from other parties while providing appropriate protection regarding the disclosure and use of confidential information that is produced in this lawsuit, without frequent resort to the Court.

2. **DEFINITIONS**

(a) "**Party**" means any of the parties to this action.

(b) "**Counsel**" means outside counsel of record appearing for a Party in this action, (which are, as of the date of this Order, Akin Gump Strauss Hauer & Feld LLP, Nabli & Associates, P.C., Dorsey & Whitney, LLP, and Sullivan and Worcester LLP) or counsel for a non-party from whom discovery is sought by a Party, and each of their respective attorneys, employees and assistants only to the extent that they have a need for such information.

(c) "**Discovery Material**" includes, without limitation, deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, transcripts, documents or other tangible material produced pursuant to compulsory process or voluntarily in lieu thereof, and any other documents or information produced or given to a Receiving Party by a Producing Party in connection with discovery in this action.

(d) "**Producing Party**" means a Party and any non-party that produces or otherwise makes available Discovery Material to a Receiving Party in the course of this action.

(e) "**Receiving Party**" means a Party that receives Discovery Material from a Producing Party in the course of this action.

(f) "**CONFIDENTIAL INFORMATION**" is defined herein as Discovery Material containing information: (i) that has not been made public and that the Producing Party would not make public in the ordinary course of its activities; or (ii) that the Producing Party is under a preexisting obligation to a non-party to treat as confidential; or (iii) that the Producing Party has in good faith been requested by the Receiving Party to so mark on the ground that the Receiving Party considers such material to contain information that is confidential or proprietary to the Receiving Party; or (iv) that the Receiving Party has in good faith been requested by a Party to so mark on the ground that the Party considers such material to contain information that is confidential or proprietary to the Party.

2

(g) "**ATTORNEYS' EYES ONLY INFORMATION**" is defined herein as a subset of CONFIDENTIAL INFORMATION (i) containing information of a commercially sensitive nature, that would create a genuine risk of competitive injury if disclosed by a Producing Party to a Receiving Party, such as a trade secret, proprietary financial information or business information related to pricing, methodology, and deal structure or (ii) that the Producing Party has in good faith been requested by the Receiving Party to so mark on the ground that the Receiving Party considers such material to contain information that would create a genuine risk of competitive injury if disclosed by a Producing Party to a Receiving Party; or (iii) that the Receiving Party has in good faith been requested by a Party to so mark on the ground that the Party considers such material to contain information that would create a genuine risk of competitive injury if disclosed by a to a Receiving Party.

(h) "**Protected Material**" means: (i) any Discovery Material designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" in accordance with Paragraphs 3(a), 3(b) and 3(d) below; and (ii) any copies, abstracts, summaries, or information derived from such Discovery Material; and (iii) any notes or other records embodying or disclosing the contents of such Discovery Material.

(i) "**Jury Consultant**" means an established non-party professional in the field of jury consultancy and his or her respective secretarial and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

(j) "**Graphics Vendor**" means an established non-party professional in the field of graphics preparation and his or her respective secretarial and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

(k) "**Independent Expert**" means an expert or independent consultant or other person who is actually retained or employed to advise or to assist Counsel in this action, including the preparation and trial of this action, and his or her secretarial or other assistants, to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

(l) "**Court**" means the United States District Court, Southern District of New York.

3.  **DESIGNATION OF PROTECTED MATERIAL**

(a) Discovery Material that the Producing Party believes in good faith to contain or constitute CONFIDENTIAL INFORMATION may be so designated by such Producing Party in the following manner. Each page of each document and discovery response that contains CONFIDENTIAL INFORMATION shall be marked on its face with the legend "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER."

(b) Discovery Material that the Producing Party believes in good faith to contain or constitute ATTORNEYS' EYES ONLY INFORMATION may be so designated by such Producing Party in the following manner. Each page of each document and discovery response that contains ATTORNEYS' EYES ONLY INFORMATION shall be marked on its face with the legend "ATTORNEYS' EYES ONLY -- SUBJECT TO PROTECTIVE ORDER."

(c) For all Discovery Material that contains ATTORNEYS' EYES ONLY INFORMATION and/or is designated "ATTORNEYS' EYES ONLY -- SUBJECT TO PROTECTIVE ORDER" Counsel for the Receiving Party shall maintain a log that sets forth the name of each person who has access to such Protected Material and, with respect to those persons who maintain more than one copy of such Protected Material, the total number of copies.

(d) In the case of depositions, if Counsel for a Party believes that a portion or all of the testimony given at a deposition constitutes CONFIDENTIAL INFORMATION or

4

ATTORNEYS' EYES ONLY INFORMATION, Counsel shall so state on the record and shall request that the entire transcript or the relevant portion of testimony as applicable be so designated. The court reporter, who shall first have agreed to abide by the terms of this Order, shall be instructed to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." In addition, each page of the transcript containing information designated as CONFIDENTIAL INFORMATION shall include the legend "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" and each page containing information designated as ATTORNEYS' EYES ONLY INFORMATION shall include the legend "ATTORNEYS' EYES ONLY -- SUBJECT TO PROTECTIVE ORDER". If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the legend "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY -- SUBJECT TO PROTECTIVE ORDER", as appropriate, if any portion of the transcript itself is so designated. When testimony designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated. Counsel attending a deposition who fails to designate the transcript or videotape as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION on the record at the deposition shall have five (5) court days following receipt of the transcript from the court reporter in which to do so. Such correction and notice thereof shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that constitute items designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES

ONLY INFORMATION, and directing the court reporter to designate the transcript as provided in this paragraph 3(d). Until expiration of the aforesaid five (5) day court period following receipt of the transcript by the Producing Party, all deposition transcripts and videotapes shall be considered and treated as ATTORNEYS' EYES ONLY INFORMATION unless otherwise agreed on the record at the deposition. Nothing in this paragraph 3(d) shall apply to or affect the confidentiality designations on documents or materials entered as exhibits at depositions.

(e) Whenever a Party determines in good faith that Discovery Material produced or disclosed by a non-party agent or consultant to that Party contains CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, that Party (the "Designating Party") may designate such material as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION even when the Discovery Material has not been so designated by the non-party producing them.

4.  **ACCESS TO PROTECTED MATERIAL**

(a) **Treatment of Protected Information.** Discovery Material designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be treated by each Receiving Party as confidential according to the category designated for such material unless and until the Court rules to the contrary or the Producing Party or Designating Party, as applicable, agrees otherwise.

(b) **Access to Confidential Information.** In the absence of written permission from the Producing Party or Designating Party, as applicable, or an order of the Court, any Protected Material consisting of or containing CONFIDENTIAL INFORMATION shall be used solely for purposes of the prosecution and defense of the above-entitled litigation, and shall not, directly or indirectly, be disclosed to any person other than: (i) directors, officers or employees of the

Receiving Party to whom disclosure of such information is required for the conduct of the above-entitled litigation; (ii) Counsel for the Receiving Party; (iii) in-house counsel for the Receiving Party, (iv) Jury Consultants, Graphics Vendors, and Independent Experts who are engaged by a Receiving Party or its Counsel; (v) court reporters or videographers, and employees of court reporters or videographers, engaged to record and to transcribe testimony in this litigation ; and (vi) any outside duplicating or litigation support services personnel engaged by a Receiving Party or its Counsel.

(c) **Access to Attorneys' Eyes Only Information**. In the absence of written permission from the Producing Party or Designating Party, as applicable, or an order of the Court, any Protected Material consisting of or containing ATTORNEYS' EYES ONLY INFORMATION shall be used solely for purposes of the prosecution and defense of the above-entitled litigation, and subject to Section 4(e) shall not, directly or indirectly, be disclosed to any person other than: (i) Counsel for the Receiving Party; (ii) certified court reporters or videographers transcribing or recording testimony involving such ATTORNEYS' EYES ONLY INFORMATION and their support personnel; and (iii) Independent Experts who are engaged by a Receiving Party or its Counsel provided, that such Independent Expert agrees in writing:

(i) to maintain such ATTORNEYS' EYES ONLY INFORMATION in separate locked rooms or locked cabinet(s) when such ATTORNEYS' EYES ONLY INFORMATION is not being reviewed;

(ii) to return such ATTORNEYS' EYES ONLY INFORMATION to Counsel for the disclosing Party, as appropriate, upon the conclusion of the Independent Expert's assignment or retention or the conclusion of this action, as applicable;

(iii)   not to disclose such ATTORNEYS' EYES ONLY INFORMATION except as permitted by this Order; and

(iv)   to use such ATTORNEYS' EYES ONLY INFORMATION and the information contained therein solely for the purpose of rendering consulting services to a Party to this action.

(d) **Custody of Protected Material**. All Protected Material shall be maintained in a secure manner. CONFIDENTIAL INFORMATION may be provided on a temporary basis to outside duplicating and litigation support service providers for purposes of processing them, and to Jury Consultants, Graphics Vendors, and Independent Experts for purposes of study, analysis, and preparation of the case in this action. ATTORNEYS' EYES ONLY INFORMATION may be provided on a temporary basis to Independent Experts subject to Section 4(c)(i)-(iv) for purposes of study, analysis, and preparation of the case in this action. Any person having custody or retaining Protected Material shall be responsible for maintaining the Protected Material in a secure manner that limits access thereto to persons to whom the Protected Material may be disclosed pursuant to this Order.

(e) **Acknowledgment of Protective Order**. Before disclosing or providing any Protected Material to any person who is permitted to have access to such Protected Material pursuant to this Order (excluding Counsel for the Parties), a Receiving Party must obtain that person's assent to be bound personally to the terms of this Order in the form of the execution of the acknowledgment attached as Appendix A hereto.

(f) **Disclosure Pursuant to Consent**. Subject to Section 4(e), a Receiving Party may also disclose Protected Material to a person that the Producing Party or Designating Party, as

8

applicable, agrees, in writing, may have access to such Protected Material, on a case-by-case basis.

(g) **Witnesses**. During testimony taken at depositions or trial, and during preparation for such testimony, (a) Protected Material designated as CONFIDENTIAL INFORMATION may be disclosed to witnesses and their personal attorneys, where such witnesses execute the acknowledgment attached as Appendix A hereto, and (b) Protected Material designated as ATTORNEYS' EYES ONLY INFORMATION may be disclosed to witnesses and their personal attorneys, where such witnesses (1) execute the acknowledgment attached as Appendix A hereto, and (2) (i) can be shown to have authored or been an authorized recipient of such Protected Material; or (ii) can be shown by reference to the face of such Protected Material to have been the source of the ATTORNEYS' EYES ONLY INFORMATION contained therein, such disclosure in each of (i) and (ii) to be limited to the information that the witness authored or was an authorized recipient of, or was the source of.

(h) **Limitations**. The limitations on disclosure contained in this Order shall not apply to such Protected Material that the Receiving Party can demonstrate (i) were already properly in the possession of the Receiving Party, without an obligation of confidentiality to another Party, prior to their disclosure in this action; (ii) are received on a non-confidential basis from a non-party that does not owe an obligation of confidentiality to any other person, including a Party, with respect thereto; or (iii) is published or becomes publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party.

(i) **Use of a Party's Own Materials**. Nothing in this Order shall affect the right of the Producing Party to use or disclose its own Protected Material .

9

5.  **NON-PARTIES**

By agreeing to be bound by the terms of this Order, a non-party shall have the benefits, rights, and protection of a Producing Party under this Order and have standing under this Order to bring a claim for violations of its terms against the Parties and against any person who signed an undertaking as provided by this Order. Such a non-party must comply with all terms of this Order.

6.  **COURT PROCEDURES**

(a) The Parties agree that persons employed by the Court owe no duty to the Parties to protect or maintain the confidentiality of any information in any papers filed with the Court.

(b) For applications and motions to the Court in which a Party submits Protected Material, those portions of documents containing Protected Material shall be filed in sealed envelopes or other appropriate sealed containers which shall contain a copy of the first page of the filing with the caption of this case attached to the outside of such envelope or container, shall indicate the nature of the contents of the sealed envelope or other container, and shall display a statement substantially in the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THIS COURT, CONTAINS CONFIDENTIAL INFORMATION AND IS NOT TO BE OPENED OR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT OR AGREEMENT OF THE PARTIES."

If CONFIDENTIAL INFORMATION is included in the first page attached to the outside of the envelope or container, it may be deleted from the outside copy. The document as filed shall indicate clearly which portions are designated as containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION. A copy of this Order shall be submitted to the Clerk together with the materials to be filed under seal.

(c) If a Party fails to file Protected Material under seal, any Party who in good faith believes that filing under seal is required to protect its interests may move the Court to seal the Protected Material within five (5) court days of service of the allegedly defective filing. Conversely, any Party that contests the validity of a confidentiality designation may move the Court to unseal the Protected Material within five (5) court days of service of the allegedly erroneous designation. Notice of either type of motion shall be given to all Parties. The Clerk shall seal the disputed part of the filing until the Court rules on the motion. Nothing in this provision relieves a Party of liability for damages caused by failure to properly file such Protected Material under seal.

7. **HANDLING OF PROTECTED MATERIAL**

(a) Protected Material requested and exchanged herein shall be used only for the purpose of the prosecution or defense of this action, including preparing for and conducting pre-trial, trial and post-trial proceedings, including all subsequent appellate or other review proceedings, in these actions as provided herein. Protected Material shall not be used for any business, commercial or competitive purpose, or used in any other litigation proceeding.

(b) Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of Protected Material for use in connection with this action and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order as the Protected Material to which they pertain. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrievable system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

(c) If a Party through inadvertence produces any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, the Producing Party may give written notice to the Receiving Party that the Discovery Material produced is deemed CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and should be treated as such in accordance with the provisions of this Order. The Receiving Party must treat such Discovery Material with the noticed level of protection from the date such notice is received. Promptly upon providing such notice to the Receiving Party, the Producing Party shall provide the Receiving Party with another copy of such Discovery Material that bears the new designation under this Order, at which time the Receiving Party shall return the originally-produced Discovery Material to the Producing Party. The Receiving Party's disclosure of such Discovery Material, prior to the receipt of notice from the Producing Party of a new designation, to persons not authorized to receive such information shall not be deemed a violation of this Order. However, the Receiving Party shall make a good faith effort to immediately retrieve such Discovery Material from such persons not authorized to receive CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and to obtain agreement from the person to whom the disclosure was made to be bound by this Order.

(d) A current officer, director or employee of a Party may be examined and may testify concerning all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION produced by that Party.

8. **DESIGNATION NOT DETERMINATIVE OF STATUS**

The designation or failure to designate Discovery Material as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION at the time of production or

otherwise shall not be determinative of that material's status as trade secret, proprietary or otherwise confidential information. All challenges to the propriety of a confidentiality designation shall first be made in writing, within three (3) court days of the designation, by letter or other document identifying the specific Protected Material challenged. The Parties shall first attempt to resolve such challenges in good faith on an informal basis. If such resolution is not possible, within three (3) court days of such a challenge, the Producing Party or Designating Party, as applicable, shall substantiate the basis for such designation in writing to the objecting Party. If the dispute still cannot be resolved, the Party challenging the designation may seek appropriate relief from the Court within three (3) court days of the opposing Party's having provided the basis for such designation, else such challenge is waived. The burden of proof shall be on the Party claiming Protected Material status for the Discovery Material. Any document designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved.

9.  **RIGHT TO FURTHER RELIEF**

Nothing in this Order shall abridge the right of any person to seek judicial modification or amendment of this Order.

10. **OTHER PROCEEDINGS**

Any person or Party subject to this Order that may be subject to a motion or other form of legal process seeking the disclosure of another Party's Protected Material designated under one of the categories of confidentiality pursuant to this Order, shall promptly notify that Party so that it may have an opportunity to appear and be heard on whether that Protected Material should be disclosed.

11. **RIGHT TO ASSERT OTHER OBJECTIONS**

This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

12. **FINAL DISPOSITION**

Within ninety (90) days after final termination of this action, whichever is later, each Party shall assemble all Protected Material and shall, at its option, either (a) return such Protected Material to the Producing Party, or (b) destroy it; provided, however, that Counsel for a Party shall be entitled to retain a copy of all pleadings, motion papers, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Protected Material. Notwithstanding the foregoing, Counsel for the Receiving Party shall be permitted to retain (a) a file copy of the Protected Material created by such Counsel or retained consultants during the course of the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court, and (b) a copy of all depositions, including exhibits and deposition evaluations containing Protected Material. If a Party elects to destroy the Protected Material, a Certificate of Destruction shall be served on all Counsel within ninety (90) days of final termination of the action.

13. **SURVIVAL OF OBLIGATIONS**

The obligations created by this Order shall survive the termination of this lawsuit unless otherwise modified by the respective Court in each action. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Order and to make such amendments and modifications to this Order as may be appropriate.

Dated: April 12, 2007

So Ordered:

_____
Hon. Harold Baer, U.S.D.J.

Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.

SO ORDERED:

_____
Hon. Harold Baer, Jr., U.S.D.J.

Date: 4/12/07

| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF NEW YORK |
| WOLTERS KLUWER FINANCIAL SERVICES, INC. | |
| Plaintiff, | |
| -against- | Civ. Action No.<br>07 CV 2352 (HB) |
| SCIVANTAGE, ADNANE CHARCHOUR, SANJEEV DOSS, CAMERON ROUTH, and GREGORY ALVES | |
| Defendants. | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE <u>BOUND BY THE STIPULATION AND PROTECTIVE ORDER</u>

I, _____, declare under penalty of perjury that I have read in its entirety the Stipulation and Protective Order (the "Protective Order") in the above-referenced lawsuit, understand my obligations thereunder regarding CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION and agree to be bound by its terms concerning the disclosure and use of CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION, as defined in therein. I hereby submit to the jurisdiction of the United States District Court, Southern District of New York for the purposes of enforcement of the Protective Order.

_____
Name

_____
Signature

_____
Date