**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**WOLTERS KLUWER FINANCIAL SERVICES
INC.,**
               **Plaintiff,**                             **07 CV 2352 (HB)
MEMORANDUM
OPINION & ORDER**

    **-against-**

**SCIVANTAGE, ADNANE CHARCHOUR,
SANJEEV DOSS, CAMERON ROUTH AND
GREGORY ALVES,**
               **Defendants.**
-----------------------------------------------------------------x
**Hon. Harold Baer, Jr., District Judge:**

       On April 5, 2007, Plaintiff Wolters Kluwer ("Plaintiff"), through its counsel, submitted, inter alia, a "Motion to Reinstate [Temporary Restraining Order] In Light of New Evidence." Plaintiff cited four instances of "new evidence" in support of its application. Regarding three of those instances, Plaintiff neither cited to, nor attached, evidence in support (e.g., affidavits, deposition transcripts, etc.).

       On April 9, 2007, Defendants Scivantage, Adnane Charchour, Cameron Routh, and Gregory Alves, through their counsel, and joined by Defendant Sanjeev Doss, through his counsel (collectively, "Defendants"), opposed Plaintiff's motion, largely on the grounds that Plaintiff offered no new evidence in support of its arguments. Defendants also requested fees and costs for defending this motion.

       On April 11, 2007, Plaintiff, through its counsel, submitted a 12-page reply brief, and attached 133 pages of affidavits, declarations, and deposition transcripts, in support of its initial allegations.

       "[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply." Murphy v. Village of Hoffman Estates, 1999 U.S. Dist. LEXIS 3320, at *5-6 (N.D. Ill. 1999) ("[p]roviding specifics in a reply in support of a general argument in an objection counts as new matter in reply"); see also, e.g., Wike v. Vertrue, Inc., 2007 U.S. Dist. LEXIS 19843, at *21-22 (M.D. Tenn. 2007) ("the Court will not allow [movant] to sandbag the Plaintiff by first presenting the evidence in reply"); Brennan v. AT&T Corp., 2006 U.S. Dist. LEXIS 8237, at *26-27

1

(S.D. Ill. 2006).  Typically, in such situations, the Court strikes the evidence presented for the first time in reply, and does not consider it for purposes of ruling on the motion.  See, e.g., Wike v. Vertrue, Inc., 2007 U.S. Dist. LEXIS 19843, at *21-22; Brennan v. AT&T Corp., 2006 U.S. Dist. LEXIS 8237, at *26-27.  This Court will adopt such a remedy here, and strike Plaintiff's evidence presented with its reply brief, and not consider it for the purposes of ruling on this motion.

Additionally, Plaintiff's reply brief itself violated this Court's Individual Practices, Rule 4.C, which provides that reply briefs shall be no more than 10 pages.

In any event, even were I to consider Plaintiff's arguments and evidence in their entirety, Plaintiff's motion papers are bereft of the kind of evidence necessary to prevail on a motion to impose (or reinstate) a temporary restraining order.  See, e.g., Young-Flynn v. Wright, 2007 WL 241332, at *7 (S.D.N.Y. Jan. 26, 2007) (Plaintiff must show "(1) irreparable harm absent the injunction and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiff's favor.")  Plaintiff's motion for reinstatement of the TRO is denied.  As a hearing is scheduled for April 26 regarding Plaintiff's application for a TRO, reinstatement can, if it turns out to be appropriate, occur at that juncture.

I decline, at this point, to require Plaintiff to pay Defendants' costs and fees of defending this motion, as Defendant requests.  However, the parties are warned that such improper gamesmanship may warrant sanctions.  See, e.g., Ellington v. Alameida, 2006 U.S. Dist. LEXIS 83114, at *10-11 (E.D. Cal. 2006) (contemplating sanctions for counsel's actions "outside the bounds of appropriate motion practice," including "sandbagging").

Regarding Plaintiff's motion to image the third-party "Sharepoint" server, I see no obstacle to doing so at this juncture (without, however, making any ruling on any objections that any third-party may raise to such imaging).  Such imaging will proceed in conjunction with the discovery and confidentiality orders previously issued by this Court.

The Clerk of the Court is directed to close this motion and remove it from my docket.

**SO ORDERED.**

April 1², 2007
New York, New York

_____
U.S.D.J.

3